Ruffin, Chief Justice.
 

 The only question made in this case is, whether one convicted of manslaughter may be sentenced to be burned in the hand; and also to be imprisoned for six months. Upon it the Court entertains no doubt; but we are all of opinion, that he. may.
 

 . The statute of 4 Hen. 7, c. 13, (see 1
 
 Rev. Stat.
 
 c. 34, sec. 26,) prescribes the burning in the hand upon convictions of clergiable felonies. The statute 18 Eliz. c. 7 (see 1
 
 Rev. Stat.
 
 c. 34, sec. 27,) enacts, that after clergy allowed and burning in the hand, the person shall forthwith be delivered out of prison; with a proviso, nevertheless, that the Court, for the
 
 further
 
 correction of such
 
 *544
 
 person, may detain him in prison for such convenient time as the Court may think proper, not exceeding one year.
 

 By the terms of those statutes, both punishments might be inflicted together; and they have often been so inflicted.
 

 But it has been argued, that our act of 1816, (see 1
 
 Rev. Stat.
 
 c. 34, sec. 26,) alters the law ; and that under it the convict cannot be burned in the hand, if the sentence impose any other punishment besides that of burning. The opinion of the Court is decidedly to the contrary.
 

 That act creates a substitute for burning in the hand, and for that only. “ Instead of burning in the hand,” the Court may order the convict to be whipped, or to pay a moderate fine; and such judgment shall have the same legal effect and consequences — and no more — to all intents, as if the person had been burned in the hand in the presence of the Court. These terms leave the subject of imprisonment and the statute of Elizabeth untouched; and we know that statute has always been in force and use in this state.
 

 The judgment is therefore, we think, warranted by Iaw; and it must be certified accordingly to the Superior Court, that its execution may be proceeded in at the next term.
 

 Per Curiam. Judgment affirmed.